IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA AMERICAN :
WATER CO., :
      Plaintiff :
: CIVIL NO. 1:CV-12-0545
  vs. :
: (Judge Caldwell)
MIKHAYLO TRUNOV, et al., :
      Defendants :
:

*M E M O R A N D U M*

I. *Introduction*

      We are considering the motion of defendant, U.S. Tank Painting, Inc. (USTP), to dismiss the cross-claim of defendant, Tank Industry Consultants, Inc. (TIC) for lack of jurisdiction. TIC's cross-claim seeks a declaratory judgment that USTP must indemnify TIC for any liability and for any defense costs TIC may incur in an underlying state action. The state action was filed by Mikhaylo Trunov, a USTP employee, to recover for personal injuries he suffered when he fell from the top of a water tank he was painting, owned by Pennsylvania American Water Co. (PAWC).

      USTP's motion was filed under Fed. R. Civ. P. 12(b)(1) and asserts we lack subject-matter jurisdiction because TIC's claim is not ripe as the state action is still pending and liability has not yet been determined.

II. *Background*

In the underlying state court action, filed in the Court of Common Pleas of Lackawanna County, Pennsylvania, Trunov named USTP, PAWC, and TIC as defendants. Trunov alleged as follows. PAWC contracted with USTP to paint two water towers owned by PAWC and located in Clark's Summit, Pennsylvania. (Doc. 1-1, Ex. A, state-court complaint ¶¶ 6 and 7). USTP contracted with TIC to oversee and inspect the paint work. (*Id.* ¶ 8). On December 3, 2008, Trunov suffered serious injuries when he fell thirty-one feet to the ground while he was painting on top of one of the towers. (*Id.* ¶ 10). In separate counts, Trunov charged each of the three defendants with negligence, in part consisting of failing to provide him with fall protection, such as a safety harness.

In the instant action, which invokes our diversity jurisdiction, PAWC is the plaintiff and names as defendants Trunov; USTP; First Mercury Insurance Co., USTP's liability insurer; TIC; and Westchester Surplus Lines Insurance Company, TIC's liability insurer. In part, PAWC sought declaratory relief against First Mercury that it was an additional insured under the First Mercury policy and that First Mercury owed it a duty to defend and indemnify it in the underlying state court action. PAWC sought declaratory relief against USTP that if First Mercury provided no defense or indemnity, that USTP owed it contractual indemnity in regard to the state court action.

The defendants filed answers to the complaint. TIC's answer (Doc. 20) included a crossclaim against USTP, the subject of the latter's motion to dismiss for lack of jurisdiction. The crossclaim alleges that TIC is the "Engineer's Consultant" on USTP's

contract with PAWC (*id.* ¶ 68) and that TIC has incurred defense costs, including attorney's fees, in defending the state court action. (*Id.* ¶ 81). The crossclaim seeks declaratory relief that USTP owes TIC contractual indemnity for any liability TIC may incur in the state action and its defense costs already incurred in that action, or that will be incurred in the future. Specifically, the crossclaim seeks a declaration that USTP: "must indemnify [TIC] for any judgment that may be entered against [TIC] in the state court lawsuit"; and that USTP "must indemnify [TIC] for all past or future legal fees, expert fees, and other litigation costs relating to the state court lawsuit . . . ." (Doc. 20, ¶ 88(d) and (f)).

On February 2, 2013, the parties filed a stipulation, approved by court order one day later, that dismissed without prejudice all claims made by plaintiff PAWC against all other parties and all claims brought by the defendants against PAWC.[1]

The contract documents for painting the water towers contained the following indemnity provision in Article 6.31.1:

> To the fullest extent permitted by Laws and Regulations
> CONTRACTOR [USTP] shall indemnify and hold harmless
> OWNER [PAWC], . . . [or] ENGINEER'S Consultant [TIC] . . .
> from and against all claims, damages, losses, and expenses,
> direct, indirect, or consequential (including but not limited to
> fees and charges of engineers, architects, attorneys and other
> professionals . . .) arising out of or resulting from the
> performance of the Work, provided that any such claim,
> damage, loss or expense (a) is attributable to bodily injury,
> personal injury, sickness, disease or death . . . and (b) is

---

[1] USTP represents that the stipulation was entered because First Mercury agreed to defend and indemnify PAWC in the underlying action. (Doc. 47, Supp'n Br. at ECF p. 2).

>       caused in whole or in part by any negligent act or omission of
>       CONTRACTOR . . . regardless of whether or not caused in
>       part by any negligence or omission of a person or entity
>       indemnified hereunder . . .

(Doc. 46-82, ECF p. 8).

III. *Discussion*

Article III, § 2 of the Constitution restricts federal courts to adjudicating only "cases" and "controversies." This constitutional limitation is recognized in the Declaratory Judgment Act itself, which limits declaratory relief to "a case of actual controversy." 28 U.S.C. § 2201(a). *See Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990).

To determine if a case is "ripe" when the plaintiff seeks a declaratory judgment, that is, to determine if there is a case or controversy, the Third Circuit employs the three-part analysis set forth in *Step-Saver*. That analysis embodies the most important of the factors to consider. First, the parties must have an "adversity of interest." 912 F.2d at 647. An adversity of interest may depend upon "[w]hether the claim involves uncertain and contingent events, or presents a real and substantial threat of harm." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 342 (3d Cir. 2001). In *Step-Saver*, the Third Circuit indicated that if the declaratory relief sought is contingent upon a finding of another court concerning the liability of the plaintiff or the defendant, there is insufficient adversity. 912 F.2d at 648. Second, the judgment requested must provide "conclusivity." *Id.* at 647, 648. Contingency also plays a role in

-4-

this factor.  *Id.* at 648.  A declaration dependent upon the outcome in another case would not be conclusive as "the legal status of the parties would not change."  *Id.*  "Indeed, such a declaration would probably be an exercise in futility because" the parties "would be left to do battle" on the issue of liability.  *Id.*  Third, the judgment requested must be of "utility" to the parties.  *Id.* at 647, 649.  It must be "of significant 'practical help in ending the controversy.'"  *Id.* at 650 (quoted case omitted).  The declaratory judgment will not be of utility if the parties' conduct is going to be the same, that is, if they are going to "take the same steps" even if the declaratory judgment is issued.  *Id.*

In moving to dismiss for lack of jurisdiction, USTP argues that TIC's crossclaim is not ripe for the following reasons.  On the first part of the *Step-Saver* analysis, the state court action is still pending, so TIC cannot show any harm if declaratory relief is not granted as it has not had to pay any judgment or suffer any losses as a result of any negligence on USTP's part.  Additionally, a claim for indemnity under Pennsylvania law does not accrue until the indemnitee has actually paid damages, citing in part *McClure v. Deerland Corp.*, 401 Pa. Super. Ct. 226, 231-32, 585 A.2d 19, 22-23 (1991).  On the second part of the *Step-Saver* analysis, since there has been no finding of liability on USTP's part, any ruling would be an advisory opinion.  On the third part of the analysis, a declaratory judgment would not be of practical help to the parties because it would leave them in the same position they were in before its issuance, litigating the state court action to determine liability.

In opposition, TIC asserts that it is entitled to a declaratory judgment on its claim for indemnity as to liability as well as on its claim for indemnity as to its defense costs. However, it has decided to argue its position on the current motion only as to ripeness on its claim for indemnity in regard to its defense costs. TIC's position is that the indemnity provision entitles it to immediate payment of any of its defense costs in the underlying action, even if it must await the outcome of the state action to recover for any liability imposed on it there.

Since TIC does not brief the issue of the ripeness of its claim for indemnity as to liability, we assume it has no objection to dismissal of that claim on ripeness grounds. In any event, it appears that the claim is not ripe. As noted, the declaratory relief sought on this claim is contingent on the resolution of liability in the underlying state court action. This means that the first two parts of the *Step-Saver* analysis indicate that the claim is not ripe. The third part indicates that as well since the declaratory relief sought would not be of practical help to the parties. Even if we issued a declaratory judgment, the parties would be doing the same thing, litigating the state court action to determine their liability. We will therefore dismiss for lack of jurisdiction the crossclaim seeking a declaratory judgment on the indemnity claim for liability.

We turn now to the claim for declaratory relief in regard to defense costs TIC has incurred and will incur in defending ths state court action. TIC argues, with citation to authority, that, unlike losses based on liability, the indemnity provision does not

make indemnity for defense costs contingent upon a finding that USTP's negligence caused the loss. Hence, this claim is ripe, and we have jurisdiction over it.

USTP contests TIC's assertion that the indemnity provision covers loss by way of defense costs regardless of whether USTP's negligence caused the loss. We need not resolve this legal issue to determine if this claim is ripe. It appears that it is, under the *Step-Saver* analysis. First, unlike the claim involving liability, the request for declaratory relief involving defense costs is not made contingent on the outcome of the underlying state action. Instead, TIC says it is entitled to immediate indemnity for its defense costs and requests a declaration that USTP must indemnify it for all past or future defense costs, not a declaration that USTP *may* be liable for the costs *if* USTP is found negligent in the underlying action. This means that the parties are sufficiently adverse, as USTP says it has no present obligation to pay TIC's defense costs and that any obligation depends on the resolution of the state court action. It also means declaratory relief would be conclusive and have utility. It would be conclusive because, if granted, it would change the legal status of the parties by establishing that USTP must pay TIC's defense costs. It would have utility because it would end the dispute the parties have about those costs.

We will therefore deny the motion to dismiss the crossclaim to the extent it seeks declaratory relief based on indemnity for defense costs. Contrary to USTP's assertion, this claim is ripe. However, whether this relief should be granted is another matter. In deciding that issue, it appears that we should sua sponte decline to exercise

our jurisdiction to grant a declaratory judgment. *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000)(district court can decide sua sponte whether to exercise jurisdiction over a declaratory judgment action).

As the Third Circuit noted in *Summy*, *id.* at 133, the Declaratory Judgment Act provides that a federal court "*may* declare the rights . . . of any interested party, 28 U.S.C. § 2201(a)(emphasis added), so the exercise of jurisdiction under the act is discretionary. *Id.* Without intending it to be an exhaustive list, we note that discretion can be exercised to decline jurisdiction when the following factors are present: first, when another suit is pending in a state court on the same issue and the issue is not governed by federal law, *Summy, supra,* 234 F.3d at 133 (quoting *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175-76, 86 L.Ed. 1620 (1942)); second, when the scope of the state-court proceedings are such that the claims of all parties, including defenses, can be adequately adjudicated there, *id.* at 133 (quoting *Brillhart, supra,* 316 U.S. at 495, 62 S.Ct. at 1175); third, when the state law involved is close or unsettled, *Summy, supra,* 234 F.3d at 135; fourth, when declining jurisdiction avoids "duplicative and piecemeal litigation," *id.;* and fifth, when declining jurisdiction prevents a declaratory judgment action from being used as a method of procedural fencing. *Terra Nova Ins. Co. v. 900 Bar, Inc.,* 887 F.2d 1213, 1225 (3d Cir. 1989).[2]

---

[2] The Third Circuit has noted some other factors:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;

We find three factors decisive. First, there is a parallel state proceeding in Pennsylvania state court where the controversy between TIC and USTP can be fully litigated. Indeed, TIC has filed the same claim against USTP there. Moreover, the action where that claim has been filed is the underlying state court action filed by Trunov, the injured worker. Second, the instant case presents no federal claims, only an issue governed by state law. Third, declining to exercise jurisdiction avoids duplicative litigation. *See also West Motor Freight v. K-Mart Corp.*, No. 06-CV-1062, 2006 WL 2376239, at *3 (M.D. Pa. Aug. 15, 2006)(declining to exercise jurisdiction over a declaratory judgment action in similar circumstances).[3]

However, before we issue an order declining to exercise our jurisdiction, we

---

(3) the public interest in settlement of the uncertainty of obligation; and

(4) the availability and relative convenience of other remedies.

*United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res.,* 923 F.2d 1071, 1075 (3d Cir. 1991).

[3] Even if we had decided that the indemnity claim for liability was ripe, our decision not to exercise jurisdiction would have applied to that claim as well.

will grant TIC an opportunity to show why we should not do so.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 28, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA AMERICAN
WATER CO.,
    Plaintiff

   vs.

MIKHAYLO TRUNOV, et al.,
    Defendants

CIVIL NO. 1:CV-12-0545

(Judge Caldwell)

*O R D E R*

AND NOW, this 28th day of May, 2013, it is ordered that:

   1. The motion (Doc. 46) of defendant, U.S. Tank Painting, Inc. (USTP) to dismiss the cross-claim of defendant, Tank Industry Consultants, Inc. (TIC) for lack of jurisdiction is granted as to the claim based on indemnity for liability in the underlying state court action and denied as to the claim based on indemnity for defense costs in the underlying state court action.

   2. TIC shall have fourteen days from the date of this order to file a brief in opposition to the court's decision to sua sponte decline to exercise jurisdiction over the portion of the crossclaim based on indemnity for defense costs.

   3. If TIC fails to do so, the crossclaim will be dismissed.

   4. USTP shall have fourteen days to file a reply brief to any brief filed by TIC.

                                    <u>/s/William W. Caldwell</u>
                                    William W. Caldwell
                                    United States District Judge